CHICHESTER *v.* CHICHESTER.

Division B. Oct. 16, 1950.

No. 37590 (48 So. (2d) 123)

**Sivley Rhodes**, for appellant.

**Tighe & Barksdale**, for appellee.

**Hall, J.**

Appellee is sole beneficiary in the last will and testament of T. A Chichester, deceased. Her bill of complaint alleges that T. A Chichester, prior to June 4, 1937, advanced $250.00 to his brother, R. R. Chichester, who, pursuant to an oral agreement theretofore made, also furnished $250.00, and for a total consideration of $500.00 purchased on said date certain mineral interests, but took title in his own name contrary to an agreement that the title should be taken in the names of both. The bill prays for adjudication that complainant (appellee) is the owner of a one-half interest in the minerals so purchased. Attached as exhibits to the bill were copies of letters from appellant evidencing this transaction.

A demurrer was filed raising the ten years statute of limitations and was sustained.

The bill was then amended charging that T. A. Chichester was on active duty in the U. S. Army from May 21, 1941, to the date of his death on July 1, 1945, and further charging that because of the Soldiers' and Sailors' Civil Relief Act of 1940, 50 U. S. C. A. Appendix, Section 501 et seq. the running of the statute was suspended and the time thereof extended. To this amended bill a demurrer was filed and overruled. An appeal was granted to settle the controlling principles of the case.

Appellant contends that the court erred in overruling the last demurrer. His argument is that the bill alleges an oral contract for the sale of land and further that it is an attempt to establish an express trust contrary to Sec. 269 of the 1942 Code.

In our opinion appellant's contention is not well taken. The case does not involve an oral contract for the sale of land, and while the first portion of said Section 269 does require that all express declarations or creations of trust shall be in writing, the latter portion thereof provides "but where any trust shall arise or result, by implication of law, out of a conveyance of land, such trust or confidence shall be of the like force and effect the same as it would have been if this statute had not been passed." This Court has repeatedly held that ██ express trusts must be in writing but that resulting trusts need not be in writing. A concise statement of the applicable law is found in Bush v. Bush, 134 Miss. 523, 99 So. 151, 152, where it is said: "Cases involving questions of resulting trusts have often been before this court. The following principles are recognized and declared by this court: ██ If one buys land in the name of another and pays the consideration therefor, the land will be held by the grantee in trust for the benefit of him who advances the purchase money; and if there has been only a partial advance of the purchase money a trust will result pro tanto. The foundation of the trust in such cases is that

the property really belongs to him whose funds have paid for it.''

See also 54 Am. Jur., Trusts, Secs. 208, 216 and 598, and Sample v. Romine, 193 Miss. 706, 8 So. (2d) 257, 9 So. (2d) 643, 10 So. (2d) 346.

We are of the opinion that the amended bill states a perfect case of resulting trust and that the action of the chancellor in overruling the demurrer thereto was correct.

Affirmed and remanded.