WHITE, et al. *v.* CHICHESTER, et al.

No. 40087          March 26, 1956          86 So. 2d 341

*Alexander & Alexander,* Jackson; *Leo J. Buchignani,* Memphis, Tennessee, for appellants.

*Lipscomb, Ray & Barksdale,* Jackson, for appellees.

McGEHEE, C. J.

This appeal is from the action of the trial court sustaining the special demurrers of the appellees, Mrs. Lucille S. Chichester and Dave W. McGehee, respectively, to the bill of complaint of the appellants Thomas B. White and L. A. Williams, who declined to ask leave to amend their bill of complaint upon the sustaining of the said demurrers, resulting in the suit being dismissed.

The bill of complaint alleged that about the year 1937 T. A. Chichester acquired by deeds various and sundry undivided mineral interests in lands situated mostly in the Second Judicial District of Hinds County; that the purchase price for said mineral interests was paid by T. A. Chichester, Thomas B. White, L. C. Williams and Miller Odum, but that the deeds therefor were taken in the name of the said T. A. Chichester, and that the said mineral interests were known and often designated by the parties as the ''T. A. Chichester Royalty Pool''; and that upon the execution of the mineral deeds the said T. A. Chichester became the holder of the minerals as trustee for the contributors to the fund which constituted the purchase price thereof amounting to $1,590.

The bill of complaint further alleged that T. A. Chichester died during the year 1945, and that the appellee Mrs. Lucille S. Chichester was the sole beneficiary under his last will and testament which was duly probated in

Hinds County on July 12, 1945; that thereupon she became the trustee of the said minerals for herself and the other contributors to the fund with which the minerals were purchased in the name of her husband T. A. Chichester; that it was known to the said appellee that the mineral interests were purchased for the Chichester royalty pool and that the parties hereinbefore mentioned had contributed thereto and were entitled to an interest in the pool in proportion to their contribution; and that on the 11th day of August 1954 the said Mrs. Lucille S. Chichester entered into an agreement in writing, filed as Exhibit B to the bill of complaint, admitting that she and the appellants White and Williams and also Miller Odom owned the mineral interest in the proportion of 470/1590ths to her and 470/1590ths to Thomas B. White, 600/1590ths to L. C. Williams and 50/1590ths to Miller Odum, but in which said written instrument she transferred, assigned and conveyed to the said Thomas B. White 230/1590ths in said royalty pool and 195/1332 interest on an acreage basis "so as to make the shares and interest of the said Chichester and White equal", as set forth in the bill of complaint.

The bill of complaint further alleged that the said mineral interests were acquired under seven separate mineral deeds, stating the names of the grantors and T. A. Chichester as grantee, showing the date of each conveyance and the book and page where recorded, thus enabling the various tracts of land under which the minerals were located to be clearly identified by the introduction of said recorded conveyances on the trial of the cause. In other words, so far as the registry laws of the state are concerned the benefits of the said resulting trust were protected but the appellants alleged that they have endeavored to secure from the said Mrs. Lucille S. Chichester, in whose name the mineral interests are vested of record, as sole beneficiary under the will of T. A. Chichester grantee, a more complete and proper

conveyance of their fractional interest in the mineral rights, and that the purpose of this suit is to have the court fix and declare the ownership of the interest of the beneficiaries in the said pool in order that the same may be marketable by reason of the beneficiaries of the trust having a defined fractional interest in minerals under specifically described lands.

It is also alleged that the complainants White and Williams have been advised that the said Miller Odum questions the correctioness of his interest as being only 50/1590ths; that if Odom owns a larger interest it would decrease the interest of the other parties in the said pool, and for that reason he was joined as a party-defendant in this suit.

Finally it is alleged that on November 7, 1947, Mrs. Lucille S. Chichester conveyed to the defendant Dave W. McGehee a 2/5ths interest in all oil, gas and mineral leases and royalty mineral rights of every kind and character which the said Mrs. Lucille S. Chichester appears vested in the First and Second Judicial Districts of Hinds County, Mississippi; and that thereafter she executed specific conveyances to such an interest to the said defendant Dave W. McGehee in the minerals under each tract of land involved, as if she owned the minerals acquired in the name of T. A. Chichester, deceased, in their entirety.

Wherefore the complainants prayed that the court determine the extent of the undivided interest of each beneficiary of the trust on the basis of the contribution made by each, which it is alleged that the books and records of the said T. A. Chichester would disclose upon a hearing, and also determine the extent of the interest that became vested in the defendant Dave W. McGehee under and by virtue of the conveyances to him by the defendant Mrs. Lucille S. Chichester.

■■ The grounds of the special demurrer were (1) that T. A. Chichester acquired the mineral interest in

his own name in 1937, and there is nothing in writing to show that the complainants have any interest therein, and that therefore they were barred by the Statute of Frauds; (2) that because of the facts stated in the first ground of the special demurrer the complainants are barred by the Statutes of Limitation; and (3) that the written agreement entered into on August 11, 1954, which was less than ten years from the death of T. A. Chichester, deceased, on July 1, 1945, released the defendants from any and all claims, demands, actions, and rights of action in the premises. But we are of the opinion that the trust created was a resulting trust arising by operation of law and that no contract in writing was necessary to establish the same. Chichester v. Chichester, 209 Miss. 628, 48 So. 2d 123. ██ █ Nor do we think that under the Chichester case, supra, any Statute of Limitation of this state is applicable under the facts alleged in the bill of complaint. ██ █ And as to the third ground of the special demurrer, we think that the agreement executed between Mrs. Lucille S. Chichester and Thomas B. White on August 11, 1954, was one to recognize existence and continuation of the trust, rather than one to release Mrs. Chichester from the obligations which the law imposes upon her by reason thereof. The part of the agreement in the nature of a release and discharge of Mrs. Chichester relates primarily to the manner in which T. A. Chichester had invested the $1,590, his management and control of the said royalty pool, as handled or managed by the said T. A. Chichester, since the agreement expressly conveys to Thomas B. White a part of the interest theretofore owned by Mrs. Chichester "so as to make the shares and interest of the said Chichester and the said White equal", and expressly recognizes the fractional interest thereby left to Lucille S. Chichester, Thomas B. White, L. C. Williams and Miller Odum, and states the share of each on an acreage basis.

There is nothing in the bill of complaint to indicate or to recognize that T. A. Chichester at any time prior

to his death was claiming any interest in the pool other than on the basis of his contribution to the purchase price of the mineral interest therein. If he were claiming adversely the interest of the other contributors, such would be an affirmative defense to be pled by the defendants in an answer. If Mrs. Chichester began claiming the entire pool after the death of her husband, she acknowledged their ownership in writing prior to the completion of the bar of the Statute of Limitations. The sole ground stated in the decree of the court in sustaining the demurrer was that the complainants were barred by the Statute of Limitations.

We are of the opinion that the bill of complaint stated a good cause of action, and that it was therefore error to have sustained the special demurrer thereto.

Reversed and remanded.

*Hall, Kyle, Arrington* and *Gillespie, JJ.,* concur.