VICTOR MEYER ET AL. v. JOHN CASEY.

1. CONTRACT. *Failure of consideration.*
   The rule which excludes parol evidence tending to contradict a written instrument, is inapplicable to evidence of failure of consideration.
2. SAME. *Sealed instrument. Impeaching consideration by parol.*
   The distinction between sealed and unsealed instruments, as to the right to impeach the consideration, does not exist in this State.

ERROR to the Circuit Court of Washington County.
. Hon. B. F. TRIMBLE, Judge.

The plaintiffs in error, under their firm name of Meyer, Weis & Co., brought this action of replevin against the defendant in error and .Jacob Ostroffsky. Twenty bales of cotton, seized by the sheriff, were retained by Casey, who claimed them. After the plaintiffs had introduced at the trial a bill of sale executed to them by Ostroffsky and Casey, conveying all the cotton on the plantation, which the latter jointly owned, estimated at one hundred bales, and proved that only eighty bales had been delivered, Casey, notwithstanding the fact that the consideration recited in the bill of sale, which was under seal, was advances made to Casey and Ostroffsky by Meyer, Weis & Co., offered to prove that he was not

indebted to the plaintiffs, but that the consideration upon which he signed the bill of sale was an agreement upon their part to pay a balance of the purchase-money due for the plantation, and that they had failed to make the payment. The plaintiffs objected to the evidence upon the ground that it varied the written contract, but the court overruled the objection, and admitted the evidence, because it tended to show the true consideration of the bill of sale. The plaintiffs reserved an exception, and there was a verdict and judgment for the defendant, Casey.

*Percy & Yerger*, for the plaintiffs in error.

The sale was complete, the title in the plaintiffs, and the property at their risk, and the defendants were entitled to a credit on their indebtedness to its full value, and the plaintiffs to the cotton. *Bowers* v. *Andrews*, 52 Miss. 596 ; Benjamin on Sales, 265. After the contract of sale was reduced to writing, all oral altercations between the parties prior to its execution were inadmissible. *Herndon* v. *Henderson*, 41 Miss. 584 ; *Kerr* v. *Kuykendall*, 44 Miss. 137 ; *Shackelford* v. *Hooker*, 54 Miss. 716. Casey's evidence added a distinct stipulation to the contract. It would have been inadmissible even to show that the bill of sale was intended merely as a security, if this could only be done by parol evidence. *Blake* v. *Morrisson*, 33 Miss. 123 ; 1 Greenl. Evid. § 275.

*Frank Johnston*, for the defendant in error.

This is not an attempt to vary a written contract by parol evidence, but to show a failure of consideration. The authorities cited by opposing counsel are not in point. The practical question is whether the plaintiffs can get Casey's property for nothing by the mere force of a recital in the conveyance. Want of consideration may be shown, where a promissory note states that it is for value, or recites a consideration. *Stackpole* v. *Arnold*, 11 Mass. 27 ; *Amherst Academy* v. *Cowls*, 6 Pick. 427. The consideration of a contract may be proved in order to show its partial failure. *Folsom* v. *Mussey*, 8 Greenl. 400. Parol evidence is always admissible to impeach the consideration. *Wolf* v. *Fletemeyer*, 83 Ill. 418 ; *Great Western Ins. Co.* v. *Rees*, 29 Ill. 272. It has been allowed to be shown that the recital in a written contract of a money

consideration was not in fact true, but that the real consideration was the delivery of iron. In the case of *Bolles* v. *Beach*, 22 N. J. 680, parol evidence was admitted to contradict the recital of the consideration of a deed. *Rockhill* v. *Spraggs*, 9 Ind. 30, holds the doctrine that even where one consideration, and no other, is expressed in a deed, parol evidence is admissible to prove a different consideration, though the legal effect of the instrument is thereby changed. In *Schillinger* v. *McCann*, 6 Greenl. 364, parol evidence was allowed to contradict a recital of payment, and to show that part of the price had in fact been left in the grantee's hands, to be applied to a special purpose. And generally it is held that, wherever there has been a want or failure of consideration, parol evidence is admissible. *Erwin* v. *Saunders*, 1 Cowen, 249; 1 Greenl. Evid. § 284.

Campbell, J., delivered the opinion of the court.

The consideration of the bill of sale of the cotton wholly failed as to Casey. The written instrument recites a consideration, and it is claimed that it is not allowable to contradict the writing in this respect. The rule of exclusion does not apply to evidence of failure of consideration. It is not admissible to vary by parol the terms of a valid written instrument. If it has a valid existence, it must stand as the sole expositor of the terms of the contract it evidences; but it is allowable to show by parol that the writing never had validity, or, that having had a legal existence, it has for some reason ceased to be operative. The distinction between sealed and unsealed instruments, as to the right to impeach the consideration, does not exist in this State.

*Judgment affirmed.*