JOHN H. LAY ET AL. *v.* MARY L. FILMORE.

PLEADING. *Code* 1892, ¿ 683.

> Under code 1892, ¿ 683, providing that certain pleas there enumer-
> ated, when appropriate to the action,[may·be pleaded together with-
> out leave of court, it is error for the court, upon motion, to strike
> such pleas from the files as inconsistent and contradictory.

FROM the circuit court of Tallahatchie county.

HON. F. A. MONTGOMERY, Judge.

The statute referred to in the opinion is in these words:
"683. *What pleas in bar may be pleaded together.* The follow-
ing pleas in bar, or any two or more of them, may be pleaded
together, as of course, when appropriate to the action, without
leave of the court or judge, to wit: The general issue, denial
of the debt or contract sued on, tender in whole or in part,
statute of limitations, set-off, *plene administravit*, infancy, pay-
ment, accord and satisfaction, release, not guilty, a denial of
plaintiff's property in the thing injured, leave and license, du-
ress, *son assault demesne*, performance, justification in libel
slander and other actions, and any other pleas which by law
are allowed to be pleaded together."

The facts are stated in the opinion of the court.

*Eskridge & Dinkins*, for appellants.

The several pleas filed by the defendants may be pleaded to-
gether under § 683, code 1892. The first plea is the "general
issue," the second and third are pleas setting up payment and
accord and satisfaction. Under the section of the code referred
to, two or more pleas of the same nature may be pleaded together,
and these are amongst those named in the statute. The motion
to strike the pleas from the file was predicated of the idea that the
pleas were inconsistent and contradictory, but the motion does

not pretend to set out in what respect they are inconsistent or contradictory. The motion does not advise us in what respect they are in conflict with or without the scope of § 683, code 1892, allowing inconsistent and contradictory pleas to be filed when appropriate to the action. Though the pleas may be inconsistent and contradictory, yet the code allows them to be pleaded. *Hunter* v. *Wilkinson*, 44 Miss., 721; *Rowlad* v. *Dalton*, 36 Miss., 702; *State* v. *Morgan*, 59 Miss., 349; Chitty on Pleading, 12 Am. ed., vol. 1, pp. 561, 562.

The reporter finds no brief on file for the appellee.

WOODS, C. J., delivered the opinion of the court.

The declaration was in assumpsit on a due bill for $219.85.

The defendants pleaded as follows: (1) The general issue; (2) payment; (3) payment and release; (4) want of consideration; (5) denial of interest in the instrument sued on in the plaintiff, and that the amount due had been paid to the real owner of the debt, and (6) notice of set-off.

On motion of plaintiff, all these pleas were stricken out by the court, because inconsistent and contradictory, and judgment rendered for plaintiff. This judgment was set aside on affidavit of merits, and defendants allowed to plead over. The defendants then filed two pleas—the general issue and payment—and gave notice of set-off. To the plea of payment, plaintiff replied, and the case went to the jury. On the pleadings as thus framed, much, indeed the most, of defendant's evidence was excluded, and an easy victory had by plaintiff, and the defendants appeal.

Under our statutes and decisions, inconsistent pleas may be filed together, and, under section 683, code of 1892, the pleas stricken out are specifically allowed to be filed together. The action of the court in striking out defendants' pleas was error, and for this we reverse the judgment.

We deem it unnecessary to pass upon the other errors as

signed, inasmuch as the rulings on the evidence resulted necessarily from the erroneous action of the court in striking out the pleas. The court was consistent in the rulings complained of, and simply followed out the erroneous action in striking out the defendant's pleas.

*Reversed and remanded.*