STONE *et al. v.* GRENADA GROCERY CO. *et al.*

(Division A. Jan. 17, 1938. Suggestion of Error overruled Jan. 31, 1938.)

[178 So. 107. No. 32988.]

John P. Stone, of Coffeeville, for appellants.

Cowles Horton, of Grenada, for appellees.

Argued orally by **W. I. Stone**, for appellant.

**Smith, C. J.**, delivered the opinion of the court.

The appellants sued the appellees for the conversion of several bales of cotton. At the close of the evidence, the court directed the jury to return a verdict for the appellees, and there was a verdict and judgment accordingly.

Cotton was grown by G. V. Crenshaw in 1931. On April 2d of that year, Crenshaw executed a deed of trust to Coffeeville Bank to secure an indebtedness due it by him, on several head of livestock and other personal property, and crops to be grown by him. The instrument used for the deed of trust is an ordinary printed form therefor. The property therein described, other than crops, was inserted with a typewriter in a blank space therefor; the crop provision being in the printed

portion thereof. This deed of trust was recorded in the office of the chancery clerk on the 7th day of April, 1931. The cotton was sold by Crenshaw to the appellees. Over the objection of the appellants, the appellees were permitted to prove, by Crenshaw, that, at the time the deed of trust was executed, the bank agreed that it should not cover crops to be raised by Crenshaw, and that he did not intend to include crops therein. The admission of this testimony presents the only question for decision.

The appellees' contention is that the rule excluding parol evidence to vary or contradict a written instrument applies only in controversies between the parties thereto, citing several Mississippi cases in support thereof. This rule extends not only to the parties to a written instrument, but also to their privies, i. e., to persons claiming under them. This is so well established, with which the cases cited by the appellees are not in conflict, that a citation of authority therefor would be supererogatory. "By the term privies, is meant those who stand in mutual or successive relationship to the same rights of property." Lipscomb v. Postell, 38 Miss. 476, 77 Am. Dec. 651; 2 Jones on Evidence (2 Ed.), section 907. "Privity implies succession. He who is in privity stands in the shoes or sits in the seat of the owner from whom he derives his title, and thus takes it charged with the burden attending it." Boughton v. Harder, 46 App. Div. 352, 61 N. Y. S. 574, 576.

This evidence should not have been admitted.

Reversed and remanded.