Stone *v.* Grenada Grocery Co.

(In Banc.   February 24, 1941.)

[1 So. (2d) 229.   No. 34455.]

**Stone & Stone**, of Coffeeville, for appellant.

**Cowles Horton**, of Grenada, for appellee.

**Griffith, J.**, delivered the opinion of the court.

This is the second appearance of this case in this Court. On the former appeal, Stone v. Grenada Grocery Co., 180 Miss. 566, 178 So. 107, the present appellee, holding a deed

of trust subsequent in effective point of time to the date of the deed of trust held by the bank, attempted to show by parol that the deed of trust to the bank was not intended to cover the crops, and the sole question decided on that appeal was whether the rule excluding parol evidence to vary or contradict a written instrument extends to those claiming under the original parties, and it was held to include those in privity as well as the original parties.

Upon the return of the case, appellee filed an additional special plea, the substance of which is as follows:

That Crenshaw, the Bank's mortgagor, could not raise a crop during the year in question, unless he could use the crops as security for the advances necessary to make them, and he applied to his mortgagee, the bank, for said advances. The bank declined the application, but stated to Crenshaw that he would be allowed to encumber the crops as security to such other person as would be willing on that security to make the advances. Pursuant thereto, Crenshaw arranged with appellee, on the security of the crops, to make the advances which were subsequently made. The bank at all times had full knowledge of the entire situation; permitted and expressly assented that Crenshaw could and should pledge the crops to appellee, who believed them to be unencumbered, by virtue of which pledge to appellee the latter made advances to Crenshaw for the making of the crops, in excess of the amount sued for by the bank in this case,—the suit being for a conversion of the crops by appellee, as shown by the report on the first appeal.

When the case came on for its new trial, there was an agreement between the parties, dictated into the record, that the statements of fact set up in the aforementioned special plea were true and correct, but appellant objected to the introduction thereof. Acting upon the facts thus admitted, the court granted a peremptory instruction in favor of appellee.

Appellant urges that the case now here is precisely the same case that was before the Court on the first appeal. As already stated, the case before the Court on the first appeal was upon the contention sought to be sustained by parol that the crops were never included in the deed of trust to the bank, while the case now before us is that, although so included, the bank had waived the priority thereof in favor of appellee who furnished the advances to make the crop on the security of that crop.

A waiver or estoppel may be shown by parol, while that type of testimony is unavailing to contradict or vary a written instrument, except, of course, in a direct proceeding in equity to reform the instrument. That a waiver of priority or estoppel to assert such priority was effectuated as against the bank by the facts set out in the additional special plea, and admitted to be true, is supported by every textbook on the subject, and by numerous cases in our own reports, many of which are cited in appellee's brief, and will appear in the reporter's abstract, wherefore we deem it unnecessary to pursue that issue further.

It may be that what lies at the bottom of appellant's present contention is the thought that appellee should not be permitted, on the second trial, to take a position which involves an inconsistency as compared with that taken in the first trial. But under our statutes and decisions, inconsistent pleas may, in courts of law, be filed together, Lay v. Filmore, 75 Miss. 493, 23 So. 184; whence it follows that such pleas may be entertained on a new trial.

Affirmed.