351 So.2d 1339 (1977)
In the MATTER OF the Last WILL and Testament of Clinton M. Johnson, Deceased.
Mrs. Willie Mae C. JOHNSON
v.
Mrs. Marilyn ROBINSON, Executrix of the Estate of Clinton M. Johnson, Deceased.
No. 50101.
Supreme Court of Mississippi.
November 16, 1977.
*1340 George G. Williamson, Mendenhall, for appellant.
Willis T. Matthews, Magee, for appellee.
Before PATTERSON, SUGG and WALKER, JJ.
WALKER, Justice, for the Court:
This is an appeal from the Chancery Court of Simpson County, Mississippi, wherein the chancellor dismissed Mrs. Willie Mae C. Johnson's renunciation of the will of her late husband, Clinton M. Johnson. The sole question presented is whether the agreement executed by the appellant, Mrs. Willie Mae C. Johnson, on May 12, 1972, not to renounce her husband's will is binding on her.
The record shows that Clinton M. Johnson and Mrs. Willie Mae C. Johnson were married on July 9, 1971, in Simpson County, Mississippi. Mrs. Johnson was sixty years of age at the time of the trial and had only an eighth grade education. Mr. Johnson had been married twice before, the last marriage being dissolved by divorce in 1970. On May 12, 1972, Mr. Johnson picked up Mrs. Johnson at the Dog'N Suds, where she worked, and carried her to the office of his attorney where Mrs. Johnson was requested to and did sign a prepared contract which prohibited her from renouncing and contesting Mr. Johnson's last will and testament. Mrs. Johnson had no prior notice that such a request would be made of her. As consideration for this promise, Mr. Johnson was to provide in his will that Mrs. Johnson would receive a life estate in the homestead property and other considerations which were not named. That same day, Mr. Johnson executed his last will and testament devising a life estate in the homestead to Mrs. Johnson with the remainder in the homestead to his daughter by a previous marriage, Mrs. Marilyn Robinson, as well as any residue of his estate to Mrs. Robinson.
Mississippi Code Annotated section 91-5-25 (1972) provides that a husband or wife may renounce the will of another. However, proper contracts not to renounce are enforceable. Sadler v. Lee, 232 Miss. 349, 98 So.2d 863 (1957).

I.
The appellant testified that she did not, prior to the execution of the agreement not to renounce the will, nor did she thereafter receive any consideration for the contract except the provision in her husband's will *1341 that she was to have a life estate in the homestead property. Her testimony in this regard went uncontradicted and she was not cross-examined on this question. The appellee meets this by contending that since the contract recited that there were other considerations besides the life estate devised to the widow that the appellant could not show by parol evidence that there was in fact no other consideration and that the appellant is bound by the recitation in the contract. However, that rule of exclusion does not apply to evidence of failure of consideration. In the case of Meyer v. Casey, 57 Miss. 615 (1880), this Court addressed itself to that point:
The consideration of [for] the bill of sale of the cotton wholly failed as to Casey. The written instrument recites a consideration, and it is claimed that it is not allowable to contradict the writing in this respect. The rule of exclusion does not apply to evidence of failure of consideration. It is not admissible to vary by parol the terms of a valid written instrument. If it has a valid existence, it must stand as the sole expositor of the terms of the contract it evidences; but it is allowable to show by parol that the writing never had validity, or, that having had a legal existence, it has for some reason ceased to be operative. (Id. at 617.)
See also 20 Am.Jur. Evidence § 1112 (1939).
We therefore hold that the chancellor properly admitted parol evidence to show that there was in fact no consideration other than the devise to the widow of a life estate in the homestead.

II.
Appellant contends that because she already had a statutory right to a life estate in the homestead property, the devise to her of the same right does not constitute consideration for her agreement not to renounce the will. We would certainly agree with this contention if the terms of the devise were identical to the terms of the statute. See Hill v. Aldrich, 242 S.W.2d 465 (Tex.Civ.App. 1951); Schaadt v. Mutual Life Ins. Co. of New York, 2 Cal. App. 715, 84 P. 249 (1906). However, in this case the two provisions contain crucial distinctions. Under Mississippi Code Annotated section 91-1-23 (1972), the widow is given a life estate only during her widowhood. The provision ceases to operate when the widow remarries. Jefcoat v. Powell, 235 Miss. 291, 108 So.2d 868 (1959). The will, by contrast, gave appellant a life estate in the property so long as she did not "... permanently vacate the above described premises or land...." Thus, under the terms of the will appellant could remarry and as long as she continued to live on the property her life estate in it would remain vested in her. In view of Mrs. Johnson's age (she was 60 at the time of the trial) and the fact that the will eliminates a right granted to her by the statute, i.e., to use the property without living on it (see Tiser v. McCain, 113 Miss. 776, 74 So. 660 (1917)), the value of the right conferred upon appellant by the will must certainly be minimal. We recognize the rule that "[t]he law will not weigh the quantum of consideration in a contract, and so long as it is something of real value in the eyes of the law it is sufficient." Ogle v. Durley, 223 Miss. 32, 43, 77 So.2d 688, 693 (1955). However, it is also the law that courts of equity will not enforce an unconscionable contract. In Terre Haute Cooperage, Inc. v. Branscome, 203 Miss. 493, 35 So.2d 537 (1948), this Court defined an unconscionable contract as ". . one such as no man in his senses and not under a delusion would make on the one hand, and as no honest and fair man would accept on the other... ."
If the parties to this contract had been dealing at arms length, we would be bound by the rule cited in Ogle, supra, and would be forced to uphold the agreement not to renounce. However, the parties in this case were husband and wife and the rule in Mississippi is that the husband is presumed to extend a great deal of influence over his wife. Pennington v. Acker, 30 Miss. 161 (1855).
Moreover, the circumstances under which this agreement was executed by appellant do not evince good faith on the part of her *1342 late husband. Appellant's testimony which was not contradicted, was that her husband picked her up after she got off work for the day and they went to his attorney's office where she was requested to sign some papers which had already been prepared. She knew nothing of the agreement prior to this time. She was not given an opportunity to read the entire agreement nor was it explained to her. She was urged to sign and she did.
In determining whether this contract was unconscionable, it is necessary to analyze what the widow was to receive under the will in contrast to her rights absent the will under the laws of descent and distribution.
Under the will, the widow was to receive a life estate in a house situated on approximately three acres of land so long as she did not permanently vacate the same (even if she remarried)  and nothing more. All of the rest, residue and remainder of Clinton M. Johnson's estate was devised to Mrs. Marilyn Robinson, a daughter by a former marriage.
Under the laws of descent and distribution, Mrs. Johnson would inherit a one-half undivided interest in fee simple to the house and three acres, Mississippi Code Annotated section 91-1-7 (1972), plus the exclusive right to the use and occupancy of the house and three acres with all the incidents of a life estate therein (it was their homestead) and not subject to partition or sale during her widowhood,[1] Mississippi Code Annotated section 91-1-23 (1972), plus a one-half undivided interest in and to all other real and personal property comprising Clinton M. Johnson's estate.
It is readily apparent from the above comparison that the benefits which Mrs. Johnson would receive under the laws of descent and distribution upon her husband's death so far outweighed the purely speculative benefit of occupying the property if she remarried that the contract she signed not to renounce falls within the category of those unconscionable contracts which are unenforceable. It was such an agreement that no wife in her senses and not under a delusion would agree to and no fair-minded husband would propose.
We are therefore of the opinion that the chancellor erroneously sustained the motion to dismiss the renunciation of the will of her husband, Clinton M. Johnson, which she had the right to do under the statute. Miss. Code Ann. § 91-5-25 (1972).
This cause is therefore reversed and remanded to the lower court for further proceedings consistent with this opinion.
REVERSED AND REMANDED TO THE LOWER COURT FOR FURTHER PROCEEDINGS CONSISTENT WITH THIS OPINION.
PATTERSON, C.J., INZER and SMITH, P. JJ., and ROBERTSON, SUGG, BROOM, LEE and BOWLING, JJ., concur.
NOTES
[1] We recognize, of course, that if Mrs. Johnson took under the law and not the will her right to the exclusive use and possession of the subject property would terminate in the event of her remarriage, and her right of possession would revert to that of a tenant in common with Mrs. Robinson.