MODIFIED OPINION ON MOTION FOR REHEARING[1]
SOUTHWICK, P.J.,
for the Court.
¶ 1. Mississippi Valley State University notified Dr. Patricia Black that her contract would not be renewed. She filed a lawsuit against the University and against several individuals, including members of the Board of Trustees of State Institutions of Higher Learning. She claimed tortious discharge and tortious interference with her employment contract.
¶ 2. The University moved to dismiss Dr. Black’s suit. After a hearing, the court dismissed, holding that the Mississippi Tort Claims Act’s one-year limitation period barred the claims.
¶ 3. On appeal, Dr. Black alleges that the wrong statute of limitations was applied, that her claim accrued a year later than the date determined by the court, and that she was not required to exhaust her administrative remedies. We agree that there was no requirement to seek administrative redress, but we also find that the statute of limitations did bar this suit. Therefore, we affirm.
FACTS
¶ 4. Mississippi Valley State University, a state-supported institution, hired Patricia Black in 1997 as an assistant professor of education. She also served as director of the Department of Field Experiences, the school’s student-teaching program. Dr. S.L. Ansah, acting chair of the University’s education department, sent Dr. Black a memorandum dated May, 28, 1999, stating that he was recommending that the University remove her as director of field experiences. The University accepted this recommendation. As of June 1, 1999, Dr. Black no longer served as director.
¶ 5. At about the same time, the University decided not to renew Dr. Black’s employment contract. A letter dated May 28, 1999, was sent to Dr. Black informing her of the University’s decision and that her employment would end on May 11, 2000 upon the completion of the following spring semester. Dr. Black’s final contract, which she signed in August 1999, *397 contained the language that “no further employment would be offered.” In May 2000, at the conclusion of the spring semester, Dr. Black’s employment did in fact end.
¶ 6. The University has administrative remedies available to faculty members aggrieved by employment decisions. Dr. Black did not utilize these procedures.
ANALYSIS

1. Proper statute of limitations

¶ 7. Dr. Black argues that the general three-year statute of limitations applies. Miss.Code Ann. § 15-1-49 (Rev. 2003). The trial court held that the Mississippi Tort Claims Act’s one-year limitations period was controlling. Miss.Code Ann. § 11-46-11(3) (Rev.2002).
¶ 8. To determine whether the trial court’s decision was correct, we begin with a case cited by Dr. Black, Paracelsus Health Care Corp. v. Willard, 754 So.2d 437 (Miss.1999). That opinion does not address the issue in the present appeal, which is whether a claim against a governmental entity for damages based upon alleged tortious breach of a contract is the sort of claim covered by the Tort Claims Act. Paracelsus was not a suit against the State or one of its political subdivisions.
¶ 9. A more apt opinion is one from this Court, City of Grenada v. Whitten Aviation, Inc., 755 So.2d 1208 (Miss.Ct.App.1999). We held that the Tort Claims Act does not apply to “pure contract actions,” reasoning that when the State enters a contract, it waives immunity from suits brought to enforce the contract. Whitten Aviation, 755 So.2d at 1213(¶ 12). But we also held that the Tort Claims Act applies to claims for tortious breach of contract:
The clear intent of the legislature in enacting [the Tort Claims Act] was to immunize the State and its political subdivisions from any tortious conduct, including tortious breach of ... contract.

Id.

¶ 10. Relying on Whitten Aviation, we conclude that the Tort Claims Act applies to Dr. Black’s attempt to recover tort damages. Dr. Black only had a series of one-year contracts. There is no claimed breach of any one-year contract that the University entered with her. The alleged wrongful conduct by the defendants was the tortious failure to give her a new contract.
¶ 11. In regards to the tortious interference, Dr. Black’s complaint alleges that the defendants “intended ... to interfere with Black’s continuing right to contract” with the University, and that they “maliciously interfered with Black’s valid and enforceable contract and prospective business advantage causing non-renewal of said contract and resulting in injury to Black.”
¶ 12. The duty not to interfere with formation of a contract or another’s right to pursue a lawful business, calling, trade, or occupation arises in tort, not contract. See Bailey v. Richards, 236 Miss. 523, 111 So.2d 402 (1959). The tort prohibits interference with business relations that are not the subject of a contract as well as prospective contractual relationships and existing contracts. Hubbard Chevrolet Co. v. Gen. Motors Corp., 682 F.Supp. 873, 877 (S.D.Miss.1987). Unlike the tort of retaliatory discharge discussed in Paracelsus, the breach of an underlying contract is not a necessary prerequisite or element for pursuing a tortious interference claim. See Martin v. Mem’l Hosp. at Gulfport, 130 F.3d 1143, 1151 (5th Cir.1997) (describing elements of tort under Mississippi law). Since Dr. Black’s claim of tortious interference is a tort claim and not a contract claim, she may only pursue that claim *398 against the State using the Tort Claims Act.
¶ 13. This is true because the Tort Claims Act’s remedy “is exclusive of any other civil action or civil proceeding by reason of the same subject matter against the governmental entity ... for the act or omission which gave rise to the claim or suit.” Miss.Code Ann. § 11-46-7(1) (Rev. 2002). If the Tort Claims Act provides a remedy for an injury caused by official acts or misconduct, then the Tort Claims Act is the exclusive remedy for all claims that may be asserted based upon that misconduct. See City of Jackson v. Sutton, 797 So.2d 977, 980 (¶ 9) (Miss.2001).

2. Accrual of cause of action.

¶ 14. Dr. Black argues that she timely filed her claim even under the Mississippi Tort Claims Act because her claim did not “accrue” and the limitations period did not begin to run until the last date of her employment on May 11, 2000. She received notice of the supposed tortious conduct much earlier than May 2000, but the question is when she first became able to sue on her claim.
¶ 15. There are various descriptions for when a tort cause of action accrues. It has been stated that “the cause of action accrues and the limitations period begins to run when the plaintiff can reasonably be held to have knowledge of the injury or disease.” Owens-Illinois v. Edwards, 573 So.2d 704, 709 (Miss.1990). In addition, “a cause of action accrues only when it comes into existence as an enforceable claim; that is, when the right to sue becomes vested. A cause of action must exist and be complete before an action can be commenced, and, when a suit is begun before the cause of action accrues, it will generally be dismissed if proper objection is made.” Id. at 706-07.
¶ 16. A useful summary of these rules appears in a recent treatise:
the statute of limitation begins to run when a complete cause or right of action accrues, and only at such time. The statute of limitation does not begin to run until there are in being a person capable of suing and a different person capable of being sued.
Gerald Gaggini, Mississippi Limitations of Actions § 2.05 (MLI Press 2000) (footnotes omitted). The statute of limitation cannot be running if a potential plaintiff is not yet legally entitled to bring a claim. We need then to determine when Dr. Black could first have filed suit.
¶ 17. According to Dr. Black’s complaint, the University tortiously interfered with her contract with its decision not to renew it. Since it is undisputed that the University notified Dr. Black of its employment decision by letter dated May 28, 1999, if that decision arose from tortious interference or other misconduct, then those acts must have occurred by May 28, 1999. That date is almost two years before Dr. Black filed her suit. Her employment, though, had not yet ended. Had Dr. Black brought suit shortly after receiving the notice, would it have been premature?
¶ 18. To answer this question, we start with determining if the May 1999 notice should be seen under Dr. Black’s version of events as notice of a fully completed tort. If it was, then the fact that the harm would not be suffered for another year would not prevent all the elements of the tort, including the amount of damages, from being known. Before there can be a cause of action for a tort, there must be both the tortious conduct and an injury. McMillan v. Puckett, 678 So.2d 652, 654 (Miss.1996).
¶ 19. Since Dr. Black was told enough in May 1999 to know that she would no longer be employed a year later, and since her injury was therefore known even if prospective, did she have a cause of action *399 at that time? We find no reason to conclude that a person with known and measurable harm that awaits solely the passage of time to inflict itself, may not sue because of that futurity until the time has passed. Were this a breach of contract suit instead of a tort action, such early notice of a contracting party’s refusal to perform would be called an anticipatory breach. A cause of action for that breach occurs when the notice was received, “regardless of the time when the damages from the breach occurred.” Johnson v. Crisler, 156 Miss. 266, 125 So. 724 (1930), still recognized as controlling in Young v. S. Farm Bureau Life Ins. Co., 592 So.2d 103, 107 (Miss.1991). We find such reasoning equally applicable to this tort suit.
¶ 20. One reason for determining that no cause of action yet existed for Dr. Black after receiving the May 1999 notice would be if the passage of time was in fact not the only remaining consideration. However, there is no evidence that the notice was taken to be anything other than conclusive. Indeed, the grievance procedure that might have overturned the decision was not pursued. Dr. Black was not seeking reinstatement but only damages. Her injury has occurred.
¶ 21. Another possible reason for deciding that no cause of action yet existed in May 1999 is if Dr. Black neither knew nor should she have known at that time of the allegedly tortious conduct by one or more defendants. The tort does not rely simply on the refusal to present a new contract. It requires improper interference with the contract. Dr. Black has asserted in this case that in the spring of 1999, shortly before she was refused a new contract, she had reported “criminal misconduct of one of her ... student teachers,” the conduct being the displaying of a gun on the high school campus where the student was teaching. She alleges that immediately thereafter, she became subject to retaliation. Included were false accusations against her, harassment by a co-worker, and within a month or two of her reporting the conduct, the May 1999 notification that her contract would not be renewed. At no time in these proceedings, has she alleged that she failed to realize the connection that she presently claims between her “whistle-blowing” and the refusal to give her a new contract. Therefore, Dr. Black knew of her claim when or soon after she received the May 1999 notice.
¶ 22. We also should examine whether a 1999 amendment to the Mississippi Tort Claims Act affects any of these conclusions. One section provides that a claimant must give notice to the governmental entity ninety days prior to bringing suit. Miss.Code Ann. § 11-46-11(1) (Rev. 2002). Another section states that the statute of limitation is briefly tolled after the notice is given:
A notice of claim is required and that the filing of said notice shall serve to toll the statute of limitations for a period of ninety-five (95) days from the date the chief executive officer of the state agency receives the notice of claim, ... during which time no action may be maintained by the claimant unless the claimant has received a notice of denial of claim. After the tolling period has expired, the claimant shall then have an additional ninety (90) days to file any action against the governmental entity served with proper claim notice. However, should the governmental entity deny any such claim, then the additional ninety (90) days during which the claimant may file an action shall begin to run upon the claimant’s receipt of notice of denial of claim from the governmental entity.
Roberts v. New Albany Separate Sch. Dist., 813 So.2d 729, 731(¶5) (Miss.2002), summarizing Miss.Code Ann. § 11-46-11(3) (Rev.2002).
*400 ¶ 23. Applying this rule to the present case, Dr. Black filed two notice letters, one on April 6, 2001, and another on May 8, 2001. Since we have held that any tortious misconduct causing Dr. Black’s injury must have occurred by May 28, 1999, the two notices were well beyond the one-year time limit. Therefore, the trial court correctly ruled that Dr. Black did not bring her suit within one year of any “actionable conduct,” and her claims are time-barred.

S. Exhaustion of Administrative Remedies

¶ 24. The University argues that Dr. Black was required to exhaust the school’s administrative remedies prior to bringing suit. However, exhaustion of remedies for a university employee is only necessary when reinstatement to employment is being sought. Bd. of Trustees of State Inst. of Higher Learning v. Brewer, 732 So.2d 934, 936 (Miss.1999). Dr. Black has sought only damages. She could proceed without pursuing administrative remedies.
¶ 25. This conclusion does not invalidate the lower court’s dismissal. Since we have found the claims were not timely brought under the Mississippi Tort Claims Act, dismissal was proper regardless of whether Dr. Black pursued her administrative remedies.
¶ 26. THE JUDGMENT OF THE LE-FLORE COUNTY CIRCUIT COURT IS AFFIRMED. COSTS ARE HEREBY ASSESSED TO THE APPELLANT.
McMILLIN, C.J., KING, P.J., BRIDGES, THOMAS, LEE, IRVING, MYERS, CHANDLER AND GRIFFIS, JJ., CONCUR.

. We deny the motion for rehearing, withdraw the original opinion, and substitute this one.