LEE, P.J.,
 

 for the Court:
 

 FACTS AND PROCEDURAL HISTORY
 

 ¶ 1. Gray and Associates, Inc. d/b/a/ The Learning Curve (Gray) was an approved supplemental-edueation-services (SE S) provider pursuant to the No Child Left Behind Act of 2001. Gray was on the Mississippi State Board of Education’s approved SES provider list for the school years 2003-04 and 2004-05. After a competition was held in March 2006 for placement on the provider list, Gray was removed from the approved SES provider list. In an affidavit, Juan Gray, Executive Manager of Gray, stated that he was notified in April 2006 that The Learning Curve had been removed from the SES list provided by the State. In August 2006, the State withdrew the changes to the approved SES provider list and left the original approved list in place.
 

 ¶ 2. On January 8, 2007, the State published a request for proposals and revised procedures for selection of SES providers, directing all former providers to reapply. Gray submitted its proposal to reapply, which was rejected. Gray applied again and was ultimately placed back on the approved SES provider list.
 

 ¶ 3. On June 19, 2007, Gray served its written notice of claim on the Mississippi State Department of Education and the
 
 *656
 
 State Board of Education (collectively, the State) pursuant to the Mississippi Tort Claims Act (MTCA).
 
 See
 
 Miss.Code Ann. §§ 11-46-1 to 11-46-23 (Rev. 2002). Gray contended that removing it from the approved SES provider list from June 2006 through August 2006 caused a loss of business opportunities and profits. On December 11, 2007, Gray filed its complaint in the Hinds County Circuit Court.
 

 ¶ 4. The State filed a motion for summary judgment. After a hearing on the matter, the trial court granted the State’s motion, finding that the one-year statute of limitations had run. Gray subsequently filed its notice of appeal, alleging the following: (1) the trial court erred in granting summary judgment as to all claims based on the statute of limitations, and (2) the trial court erred in granting summary judgment as to all claims based on sovereign immunity. Finding no error, we affirm.
 

 STANDARD OF REVIEW
 

 ¶ 5. In reviewing a trial court’s grant of summary judgment, this Court employs a de novo standard of review.
 
 Anglado v. Leaf River Forest Prods., Inc.,
 
 716 So.2d 543, 547 (¶ 13) (Miss.1998). Summary judgment “shall be rendered forthwith if the pleadings, depositions, answers to interrogatories and admissions on file, together with the affidavits, if any, show that there is no genuine issue as to any material fact and that the moving party is entitled to a judgment as a matter of law.” M.R.C.P. 56(c). This Court 'will consider all of the evidence before the trial court in the light most favorable to the non-moving party.
 
 Palmer v. Anderson Infirmary Benevolent Ass’n,
 
 656 So.2d 790, 794 (Miss.1995). The party opposing the motion “may not rest upon the mere allegations or denials of his pleadings, but his response, by affidavits or as otherwise provided in this rule, must set forth specific facts showing that there is a genuine issue for trial.” M.R.C.P. 56(e). The entry of summary judgment is mandated if the non-movant “fails to make a showing sufficient to establish an essential element of the claim or defense, then all other facts are immaterial, and the moving party is entitled to judgment as a matter of law.”
 
 Galloway v. Travelers Ins. Co.,
 
 515 So.2d 678, 684 (Miss.1987). This Court also reviews the proper application of the MTCA de novo.
 
 Id.
 

 DISCUSSION
 

 I. STATUTE OF LIMITATIONS
 

 ¶ 6. In its first issue on appeal, Gray argues that the removal of Gray from the approved SES list was not complete until July 1, 2006; thus, the one-year statute of limitations had not run. Pursuant to section 11-46-11(3), all actions brought pursuant to the MTCA must be filed “within one year (1) next after the date of the tortious, wrongful or otherwise actionable conduct on which the liability phase of the action is based.... ” The filing of a notice of claim is required and tolls the statute of limitations. We reiterate that Gray filed its notice of claim on June 19, 2007.
 

 ¶ 7. Gray argues that although it was notified in April 2006 of its removal from the approved SES list, it was not actually removed from the list until July 1, 2006. However, in a similar situation, the supreme court found otherwise. In
 
 Black v. Ansah,
 
 876 So.2d 395, 396 (¶5) (Miss.Ct. App.2003), Dr. Patricia Black received notice that her employment contract would not be renewed. Dr. Black received the notice prior to the expiration of her contract.
 
 Id.
 
 Dr. Black argued that she timely filed her claim under the MTCA because her claim did not accrue until the last day of her employment contract.
 
 Id.
 
 In finding that the statute of limitations began to run when Dr. Black received notice, the
 
 *657
 
 supreme court stated that “[w]e find no reason to conclude that a person with known and measurable harm that awaits solely the passage of time to inflict itself, may not sue because of that futurity until the time has passed.”
 
 Id.
 
 at 399 (¶ 19).
 

 ¶ 8. In its brief, Gray concedes that this claim is “arguably” outside the statute of limitations. We agree. Gray admittedly received notice in April 2006 and failed to file its claim within the one-year statute of limitations. The trial court properly granted the State’s motion for summary judgment. This issue is without merit.
 

 ¶ 9. We note that Gray also contends the State’s January 2007 re-application process violated all of the same constitutional and legal requirements as the 2006 removal. However, Gray’s written notice of claim and its complaint both fail to raise this specific issue.
 

 II. STATUTORY IMMUNITY
 

 ¶ 10. Having found that Gray’s claim was not filed within the one-year statute of limitations, we decline to address its remaining issue.
 

 ¶11. THE JUDGMENT OF THE HINDS COUNTY CIRCUIT COURT IS AFFIRMED. ALL COSTS OF THIS APPEAL ARE ASSESSED TO THE APPELLANT.
 

 KING, C.J., MYERS, P.J., IRVING, GRIFFIS, BARNES, ISHEE, ROBERTS AND MAXWELL, JJ., CONCUR.