JAMES, J., for the Court:
¶ 1. Tonya Wallace filed a breach-of-contract lawsuit against the Greenville Public School District (GPSD), alleging ordinary breach of contract, and willful, malicious, and intentional breach of contract. The Washington County Circuit Court granted summary judgment in favor of the GPSD, finding that Wallace’s suit was barred by the applicable statute of limitations. Finding no error, we affirm.
FACTS
¶ 2. Wallace began her employment with the GPSD on April 22, 2001, upon entering into a one-year contract. The contract was renewed annually. In October 2006, Wallace was assigned to Solomon Middle School as a language-arts teacher. According to Wallace, on October 27, 2006, the principal instructed her to change the grades of certain students for reasons that Wallace felt were “unethical and illegal”; therefore, she refused to comply. Wallace claims that, as result, the principal “set upon a course of conduct toward [Wallace] which ultimately lead [sic] to her being forced to resign or being terminated.” Wallace tendered her resignation by letter dated December 6, 2006. The letter stated:
I, Tonya Wallace, am resigning from the position of teacher effective December 31, 2006. After a long, hard thought process, I have come to the conclusion that it is in the best interest of the children to give them the opportunity to have a fresh start for the up and coming semester.
¶ 3. Wallace filed her complaint against the GPSD in the Circuit Court of Washington County on December 21, 2009. The complaint alleged willful and malicious breach of her contract of employment. In her complaint, Wallace alleged that “because she would not participate in the illegal activity,” the principal “violated her authoritative rights as a teacher[,] ... *1106 [and] she was wrongfully deprived of her existing contract and subsequent contracts.” Wallace sought actual and compensatory damages and punitive damages in the amount of $200,000.
¶ 4. On March 25, 2011, the GPSD filed a motion for summary judgment. The GPSD argued that Wallace’s claim accrued no later than December 6, 2006, when Wallace tendered her letter of resignation; thus, Wallace’s claim was barred by the one-year statute of limitations of the Mississippi Tort Claims Act (MTCA), as set forth in Mississippi Code Annotated section 11^16-11 (Rev.2012), and the three-year statute of limitations applicable to breach of contract pursuant to Mississippi Code Annotated section 15-1-49 (Rev. 2012). A hearing on the motion for summary judgment was held on August 28, 2012. At the hearing, Wallace conceded that her claims for tortious breach or interference with her contract were barred by the one-year statute of limitations under the MTCA. However, Wallace argued that, although her letter of resignation was tendered and dated December 6, 2006, the resignation was not to take effect until December 31, 2006; thus, her complaint, filed December 21, 2009, was timely filed pursuant to section 15-1-49.
¶ 5. On October 19, 2012, the circuit court, finding that any claim for breach accrued on December 6, 2006, granted summary judgment in favor of the GPSD. Wallace appeals raising the following issue: whether the circuit court erred in finding that her claim was time-barred and granting summary judgment in favor of the GPSD. Finding no error, we affirm.
STANDARD OF REVIEW
¶ 6. “The issue of whether the applicable statute of limitations has run is a question of law.” Stringer v. Trapp, 30 So.3d 339, 341 (¶ 9) (Miss.2010). Likewise, “[w]e conduct a de novo review of a trial court’s grant or denial of a motion for summary judgment.” Parmenter v. J & B Enters., Inc., 99 So.3d 207, 213 (¶ 7) (Miss.Ct.App.2012). Under Rule 56(c) of the Mississippi Rules of Civil Procedure, summary judgment is proper “if the pleadings, depositions, answers to interrogatories and admissions on file, together with the affidavits, if any, show that there is no genuine issue as to any material fact and that the moving party is entitled to a judgment as a matter of law.” In determining whether summary judgment was properly granted by a trial court, we view “the facts in the light most favorable to the nonmov-ant.” Parmenter, 99 So.3d at 213 (¶ 7). “The burden of demonstrating that there are no genuine issues of material fact is upon the movant, and the non-moving party must be given the benefit of every reasonable doubt.” Id.
DISCUSSION
¶ 7. Wallace argues that the circuit court erred in finding that her breach-of-contract claim was time-barred by the three-year statute of limitations. The circuit court found that Wallace’s cause of action accrued on December 6, 2006, the day that Wallace tendered her letter of resignation. However, Wallace argues that her cause of action “occurred and/or accrued on December 31, 2006[,] ... the effective date of her resignation.”
¶ 8. Causes of action for breach of contract are subject to the three-year statute of limitations set forth in Mississippi Code Annotated section 15-1^9, which provides: “All actions for which no other period of limitation is prescribed shall be commenced within three (3) years next after the cause of such action accrued, and not after.” In its judgment granting summary judgment, the circuit court found:
*1107 [T]he Court finds that on December 6, 2006, [Wallace] tendered her letter of resignation effectively terminating her employment .... As of December 6, 2006, [Wallace] knew or had reason to believe that her employment with [the GPSD] had become so unbearable until, as stated in her letter of resignation, “after a long, hard thought process ...” [Wallace] came “to the conclusion that it is in the interest of the children to give them the opportunity to have a fresh start for the up and coming semester.” The Court finds that ... [Wallace] concluded on December 6, 2006, that she could no longer continue as a teacher [with the GPSD], Therefore, it is clear from [Wallace’s] letter that her cause of action accrued on December 6, 2006, and not on December 31, 2006 ....
Thus, the circuit court found that Wallace’s claim accrued on December 6, 2006. We agree.
¶ 9. The Mississippi Supreme Court has held that “in the case of a breach of contract, the cause of action accrues at the time of the breach, regardless of the time when the damages from the breach occurred[.]” Johnson v. Crisler, 156 Miss. 266, 125 So. 724, 724-25 (1930) (still recognized as controlling in Young v. S. Farm Bureau Life Ins. Co., 592 So.2d 103, 107 (Miss.1991)). For instance, in Black v. Ansah, 876 So.2d 395, 400 (¶ 23) (Miss.Ct.App.2003), we found that a cause of action accrued at the time an employee was informed by her employer that her employment contract would not be renewed, not when her contract actually expired. In finding that the statute of limitations began to run when Black received notice, we stated that “[w]e find no reason to conclude that a person with known and measurable harm that awaits solely the passage of time to inflict itself, may not sue because of that futurity until the time has passed.” Id. at 399 (¶ 19).
¶ 10. Likewise here, we find that Wallace knew or should have known of her potential claim on December 6, 2006, as evidenced by her letter of resignation, and not on December 31, 2006. Therefore, any breach-of-contract claim was required to be filed on or before December 6, 2009. Wallace filed her complaint on December 21, 2009; therefore, her claim is barred by the three-year statute of limitations. Accordingly, we affirm the judgment of the circuit court.
¶11. THE JUDGMENT OF THE WASHINGTON COUNTY CIRCUIT COURT IS AFFIRMED. ALL COSTS OF THIS APPEAL ARE ASSESSED TO THE APPELLANT.
LEE, C.J., IRVING AND GRIFFIS, P.JJ., BARNES, ISHEE, ROBERTS, CARLTON, MAXWELL AND FAIR, JJ., CONCUR.