# IN THE UNITED STATES COURT OF APPEALS
## FOR THE FIFTH CIRCUIT

No. 15-60905
Summary Calendar

United States Court of Appeals
Fifth Circuit

**FILED**
July 22, 2016

Lyle W. Cayce
Clerk

THOMAS P. MCDONNELL, III,

      Plaintiff - Appellant

v.

SANDY MILLER,

      Defendant - Appellee

Appeal from the United States District Court
for the Southern District of Mississippi
USDC No. 3:12-CV-697

Before KING, CLEMENT, and OWEN, Circuit Judges.

PER CURIAM:*

Plaintiff–Appellant Thomas P. McDonnell, III, brought suit against Defendant–Appellee Sandy Miller on claims relating to a disputed transfer of approximately 94,000 shares of company stock. The district court dismissed all but one claim, denied McDonnell's motion for partial summary judgment, and ultimately denied the remaining breach of contract claim after a two day

---

* Pursuant to 5TH CIR. R. 47.5, the court has determined that this opinion should not be published and is not precedent except under the limited circumstances set forth in 5TH CIR. R. 47.5.4.

No. 15-60905

bench trial.  McDonnell now appeals.  For the following reasons, we AFFIRM the district court's judgment.

## I.  FACTUAL AND PROCEDURAL BACKGROUND

On or about October 26, 2006, Plaintiff–Appellant Thomas P. McDonnell, III, transferred approximately 94,000 shares of U-Save Holdings, Inc. (U-Save) stock to Defendant–Appellee Sandy Miller.[1]  McDonnell and Miller disagreed over the nature of the stock transfer, and McDonnell ultimately filed suit against Miller on October 9, 2012.  In his version of the transfer, McDonnell alleged that he and Miller entered into an oral contract for the sale of approximately 94,000 shares of stock for $751,704.00, which was to be paid through a $300,000.00 down payment and with the remaining $451,704.00 financed through a promissory note that was executed by Miller on October 20, 2006.  McDonnell alleged that Miller failed to pay the down payment or to satisfy the promissory note, which required the balance of the note to be paid on or before October 20, 2009.  By contrast, Miller contended that the shares were transferred to "make Miller whole" because U-Save's financial statements overstated the company's value when Miller initially purchased shares in the company.   Miller alleged that McDonnell attempted to "paper up" the transaction with the promissory note in order to disguise the stock transfer as an asset rather than a debt, that Miller signed the promissory note because the parties agreed that Miller would never be called on to personally satisfy the note, and that McDonnell had previously "papered up" other transactions.

On April 22, 2013, Miller moved for partial judgment on the pleadings, contending that McDonnell's claims for breach of oral contract, unjust enrichment, equitable estoppel, and constructive trust were either time barred or failed to state claims upon which relief could be granted.  On December 2,

---

[1] At the time, McDonnell and Miller were co-CEOs and Co-Chairmen of U-Save.

2

2013, McDonnell moved for partial summary judgment on his claim for breach of contract relating to the promissory note. The district court held a motion hearing on February 13, 2014, and granted Miller's motion for partial judgment on the pleadings and denied McDonnell's motion for partial summary judgment.

The remaining claim for breach of the promissory note was tried over a two day bench trial. After reviewing the record and evaluating the credibility of trial witnesses, the district court concluded that the credible evidence supported Miller's version of how the stock transfer occurred. The court further found that the credible evidence showed that the promissory note lacked proper consideration because the parties did not intend for the note to constitute a bargained-for exchange, but rather was made to conceal a debt. The court concluded that, without consideration, the promissory note was an invalid contract and therefore denied McDonnell's claim for breach of the promissory note. The district court subsequently entered final judgment, and McDonnell timely appealed. On appeal, McDonnell challenges the district court's granting of Miller's motion for partial judgment on the pleadings, its denial of McDonnell's motion for partial summary judgment, and its denial of his breach of contract claim.

## II. MOTION FOR PARTIAL JUDGMENT ON THE PLEADINGS

"We review a district court's ruling on a Rule 12(c) motion for judgment on the pleadings *de novo*," using the same standard as a motion to dismiss under Rule 12(b)(6). *Gentiello v. Rege*, 627 F.3d 540, 543–44 (5th Cir. 2010). "To survive a motion to dismiss, a complaint must contain sufficient factual matter, accepted as true, to 'state a claim to relief that is plausible on its face.'" *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009) (quoting *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 570 (2007)). "Dismissal is appropriate when the plaintiff has not alleged enough facts to state a claim to relief that is plausible on its face or has

failed to raise his right to relief above the speculative level." *Bass v. Stryker Corp.*, 669 F.3d 501, 506 (5th Cir. 2012). "In reviewing these motions, we accept all well-pleaded facts in the complaint as true and view them in the light most favorable to the nonmovant." *Machete Prods., L.L.C. v. Page*, 809 F.3d 281, 287 (5th Cir. 2015).[2]

*A. Breach of Oral Contract*

First, McDonnell argues that the district erred because his claim for breach of an oral contract—Miller's alleged failure to pay the $300,000 down payment—was not time barred. Under Mississippi law, a claim arising from an unwritten contract "shall be commenced within three (3) years next after the cause of such action accrued." Miss. Code Ann. § 15-1-29. "In Mississippi, a breach of contract claim accrues at the time of the breach regardless of when damages resulting from the breach occur." *First Trust Nat'l Ass'n v. First Nat'l Bank of Commerce*, 220 F.3d 331, 334 (5th Cir. 2000); *accord Wallace v. Greenville Pub. Sch. Dist.*, 142 So. 3d 1104, 1107 (Miss. Ct. App. 2014). McDonnell pleaded that he and Miller entered into an oral contract on October 26, 2006, for the sale of 94,000 shares for $751,704.00, including a $300,000.00 down payment. When Miller allegedly failed to make the down payment on October 26, 2006, he breached the oral contract, and therefore McDonnell's breach of oral contract claim accrued on that date. *See Wallace*, 142 So. 3d at 1107. The three-year statute of limitations therefore expired on October 26, 2009, well before the filing of the present action on October 9, 2012.

McDonnell contends that Mississippi's six-year statute of limitations applies to his breach of oral contract claim because a "plain reading" shows that the six-year limitations period applies to any contract for sale. While

---

[2] With state law claims, as in the instant case, "[a] federal court sitting in diversity applies the substantive law of the forum state." *Learmonth v. Sears, Roebuck & Co.*, 710 F.3d 249, 258 (5th Cir. 2013).

No. 15-60905

McDonnell is correct that Mississippi's version of Article 2 of the Uniform Commercial Code (UCC) applies a six-year statute of limitations for "[a]n action for breach of any contract for sale," Miss. Code Ann. § 75-2-725(1), a "contract for sale" is expressly defined as involving a present or future sale of goods. Miss. Code Ann. § 75-2-106. And McDonnell concedes that stocks do not fall within the definition of "goods" under Mississippi's version of the UCC. *See* Miss. Code Ann. § 75-2-105(1) (providing expressly that "Goods" do not include "investment securities").[3] Thus, the six-year UCC limitations period does not apply, and McDonnell's breach of oral contract claim was time-barred pursuant to Miss. Code Ann. § 15-1-29.

### B. Unjust Enrichment and Equitable Estoppel Claims

McDonnell next contends that the statute of limitations has not run as to his claims for unjust enrichment and equitable estoppel. Assuming that McDonnell could bring causes of action for unjust enrichment and equitable estoppel,[4] those claims are time barred. Those actions do not have specific limitations periods and are therefore governed by Mississippi's general three-year statute of limitations. *See* Miss. Code Ann. § 15-1-49(1). A cause of action accrues "when it comes into existence as an enforceable claim"—i.e., all the elements of the cause of action are present. *Weathers v. Metro. Life Ins. Co.*, 14 So. 3d 688, 692 (Miss. 2009) (quoting *Bullard v. Guardian Life Ins. Co. of Am.*, 941 So. 2d 812, 815 (Miss. 2006)).[5] In the present matter, McDonnell's

---

[3] McDonnell notes that Article 2 may be applied more broadly when "the context otherwise requires," Miss. Code Ann. § 75-2-102, but he has failed to cite any relevant Mississippi authority applying such a broad interpretation to Miss. Code Ann. § 75-2-725(1).

[4] Generally, an unjust enrichment claim may only be brought if no legal contract exists between the parties. *Franklin v. Franklin ex rel. Phillips*, 858 So. 2d 110, 121 (Miss. 2003). And parties dispute whether equitable estoppel is a separate cause of action under Mississippi law. *See C.E. Frazier Constr. Co., Inc. v. Campbell Roofing & Metal Works, Inc.*, 373 So. 2d 1036, 1038 (Miss. 1979) (describing equitable estoppel as a cause of action).

[5] The parties agree that the claims are governed by Mississippi law, and we look to Mississippi law to determine when the claims accrue for the purposes of the statute of

No. 15-60905

equitable claims relate to his oral agreement with Miller for the sale of approximately 94,000 shares of stock for $751,704.00.

While McDonnell argues that the statute of limitations should run from the date the promissory note was due—October 20, 2009—McDonnell could have brought either equitable claim when he originally transferred the stock on October 26, 2006. On that date, Miller took possession of the shares of stock and allegedly failed to make the initial payment—the $300,000 down payment—toward the $752,704.00, therefore receiving the property for less than the promised amount and to the detriment of McDonnell. *See Willis v. Rehab Sols., PLLC*, 82 So. 3d 583, 588 (Miss. 2012) (explaining that unjust enrichment applies when "the person charged is in possession of money or property which, in good conscience and justice, he or she should not be permitted to retain"); *Cothern v. Vickers, Inc.*, 759 So. 2d 1241, 1249 (Miss. 2000) ("A party asserting equitable estoppel must show (1) belief and reliance on some representation; (2) change of position as a result thereof; and (3) detriment or prejudice caused by the change of position.").[6] Accordingly, McDonnell's claims for unjust enrichment and equitable estoppel accrued on October 26, 2006. Because McDonnell failed to bring these claims until almost six years later, those claims are barred by the statute of limitations. The district court therefore did not err in dismissing these claims.[7]

---

limitations. *See, e.g.*, *Barnes ex rel. Estate of Barnes v. Koppers, Inc.*, 534 F.3d 357, 359–60 (5th Cir. 2008).

[6] Moreover, McDonnell has failed to cite any authority for his contention that such equitable claims do not accrue until after a party has failed to make the final agreed-upon payment, even though the party has already taken possession of the property without making any earlier payment. *Cf. Wallace*, 142 So. 3d at 1107 (noting that a breach of a contract claim accrues "at the time of the breach, regardless of the time when the damages from the breach occurred").

[7] McDonnell's passing mention that equitable estoppel may be asserted not as a separate claim but as a defense to the statute of limitations is insufficient to adequately brief such an argument on appeal. *See Cinel v. Connick*, 15 F.3d 1338, 1345 (5th Cir. 1994).

*C. Constructive Trust Claim*

Finally, McDonnell alleges that the district court erred in dismissing his constructive trust claim.  Under Mississippi law, a constructive trust arises when "one who unfairly holds a property interest [is] compelled to convey that interest to another to whom it justly belongs." *Barriffe v. Estate of Nelson*, 153 So. 3d 613, 618 (Miss. 2014) (quoting *Allgood v. Allgood*, 473 So. 2d 416, 421 (Miss. 1985)).  The Mississippi Supreme Court has recognized several circumstances that may support the remedy of a constructive trust, including where there is an abuse of confidence. *See Joel v. Joel*, 43 So. 3d 424, 431 (Miss. 2010).  While McDonnell contends that a confidential relationship existed between himself and Miller when they entered into the oral contract for the sale of the stock, he failed to plead sufficient facts showing Miller abused the confidential relationship between the two business partners. *See Barriffe*, 153 So. 3d at 618 ("[I]t is well-settled that a constructive trust does not arise simply because a party fails to perform under a contract.").

The Mississippi Supreme Court has also recognized that "a constructive trust will be raised where, at the time the promise is made, the grantee does not intend to perform." *Griffin v. Armana*, 687 So. 2d 1188, 1195 (Miss. 1996). But McDonnell only advanced a single, conclusory allegation that Miller never intended to perform the contract. *See Beavers v. Metro. Life Ins. Co.*, 566 F.3d 436, 439 (5th Cir. 2009) ("[C]onclusory allegations or legal conclusions masquerading as factual conclusions will not suffice to prevent a motion to dismiss." (quoting *Fernandez-Montes v. Allied Pilots Ass'n*, 987 F.2d 278, 284 (5th Cir. 1993))).  The district court therefore did not err in granting judgment on the pleadings for the constructive trust claim.

### III.  MOTION FOR PARTIAL SUMMARY JUDGMENT

McDonnell also contends that the district court erred in denying his motion for partial summary judgment on the breach of contract claim relating

to the promissory note.  "The general rule in this Circuit is that 'an interlocutory order denying summary judgment is not to be reviewed when final judgment adverse to the movant is rendered on the basis of a full trial on the merits.'"  *Blessey Marine Servs., Inc., v. Jeffboat, L.L.C.*, 771 F.3d 894, 897 (5th Cir. 2014) (quoting *Black v. J.I. Case Co.*, 22 F.3d 568, 570 (5th Cir. 1994)). However, "a denial of summary judgment is appealable after a [bench] trial on the merits when there was a ruling by the district court on an issue of law." *Becker v. Tidewater, Inc.*, 586 F.3d 358, 365 n.4 (5th Cir. 2009).  Thus, we may review the district court's denial of McDonnell's motion for partial summary judgment to the extent that there was a ruling by the district court on an issue of law at the bench trial.

In the present matter, the only issue of law raised by McDonnell on appeal was whether the district court improperly considered parol evidence in determining whether Miller breached an enforceable promissory note.[8] Generally, parol evidence "is not admissible to add to, subtract from, vary or contradict written instruments." *Byrd v. Rees*, 171 So. 2d 864, 867 (Miss. 1965).  However, "[t]he parol evidence rule has no application where the writing is incomplete, ambiguous or where the evidence is not offered to vary the terms of the written agreement." *Keppner v. Gulf Shores, Inc.*, 462 So. 2d 719, 725 (Miss. 1985).  And the Mississippi Supreme Court has long-recognized that the parol evidence rule "does not apply to evidence of failure of consideration." *In re Johnson's Will*, 351 So. 2d 1339, 1341 (Miss. 1977); *see also Cocke v. Blackbourn*, 57 Miss. 689, 691 (1880) (noting that parol evidence can be used to show "the real consideration to be different from that expressed,

---

[8] Other circuits have similarly reviewed a denied summary judgment motion after a trial on the merits when the district court "consider[d] parol[] evidence that was inadmissible under the applicable state law." *See, e.g.*, *Banuelos v. Constr. Laborers' Tr. Funds for S. Cal.*, 382 F.3d 897, 903 (9th Cir. 2004).

and that it had failed" or to show "want of consideration"). Here, Miller introduced parol evidence to show that there was a lack of consideration for the promissory note. *See Estate of Davis v. O'Neill*, 42 So. 3d 520, 527 (Miss. 2010) (stating that a valid, enforceable contract must have consideration).[9] The district court therefore did not err in considering parol evidence when the court found genuine factual disputes that precluded granting summary judgment on the breach of the promissory note claim.

## IV. BREACH OF THE PROMISSORY NOTE CLAIM

"The standard of review for a bench trial is well established: findings of fact are reviewed for clear error and legal issues are reviewed *de novo*." *One Beacon Ins. Co. v. Crowley Marine Servs., Inc.*, 648 F.3d 258, 262 (5th Cir. 2011) (quoting *Water Craft Mgmt. LLC v. Mercury Marine*, 457 F.3d 484, 488 (5th Cir. 2006). "A factual finding is 'clearly erroneous' when 'although there is evidence to support it, the reviewing court on the entire evidence is left with the definite and firm conviction that a mistake has been committed.'" *Id.* (quoting *Anderson v. City of Bessemer City*, 470 U.S. 564, 573 (1985)). However, "[i]f the district court's finding is plausible in light of the record viewed as a whole, the court of appeals cannot reverse even though, if sitting as the trier of fact, it would have weighed the evidence differently." *Bertucci Contracting Corp. v. M/V ANTWERPEN*, 465 F.3d 254, 258 (5th Cir. 2006).

McDonnell contends that the district court clearly erred because of the "overwhelming" evidence showing that there was consideration for the promissory note, including a memorandum describing the terms of the alleged sale and the promissory note itself. The district court, however, considered that evidence and also considered other evidence showing that McDonnell

---

[9] Miller also introduced parol evidence to support his defense of estoppel to the breach of the promissory note claim. *See Stone v. Grenada Grocery Co.*, 1 So. 2d 229, 230 (Miss. 1941) (stating that "[a] waiver or estoppel may be shown by parol").

transferred the shares to "make Miller whole" and then disguised the payment as a loan—in the form of a promissory note—in order to obfuscate the transaction's effect on McDonnell's personal and corporate financial statements.  Reviewing the record as a whole, McDonnell has laid out a plausible view of the evidence, but we cannot say that the district court clearly erred in finding Miller's version of the events more credible.  *See Anderson*, 470 U.S. at 574 ("Where there are two permissible views of the evidence, the factfinder's choice between them cannot be clearly erroneous.").  Furthermore, the district court did not err in finding that, based on the evidence the court found credible, there was no consideration for the promissory note because the note was meant to conceal a debt, not bind the parties to a bargained-for exchange.  *See Daniel v. Snowdoun Ass'n*, 513 So. 2d 946, 950 (Miss. 1987) (stating that a presumption of consideration may be rebutted by "proof designed to show that the consideration was not actually paid or bargained for" and that "any conflict in the testimony is for the trier of fact").

## V.  CONCLUSION

For the foregoing reasons, we AFFIRM the judgment of the district court.

10